**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4915**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM EDWARD LEVESQUE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-00358)

_____

Submitted: May 9, 2007               Decided: July 12, 2007

_____

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kevin A. Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Kurt W. Meyers, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Edward Levesque pled guilty to two counts of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The first offense occurred on August 13, 2005, and involved an incident in which Levesque shot a firearm into the unoccupied vehicle of an acquaintance. The second offense occurred on August 24, 2005, and involved an incident in which Levesque shot and killed a teenage girl while mishandling a firearm at a party. After grouping the offenses and cross-referencing to the sentencing guidelines range for second degree murder pursuant to § 2K2.1(c)(1)(B), the district court sentenced Levesque to two consecutive statutory maximum terms of 120 months in prison. The district court also alternatively determined that it would vary upward to reach a 240-month sentence if this court disagreed with its guidelines analysis. Levesque timely appealed. Levesque has filed a motion to supplement the joint appendix and amend his informal brief.

Levesque first argues that this court has effectively implemented a mandatory sentencing system by presuming that a sentence outside the guidelines range is unreasonable and as such, he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005). We conclude this claim is without merit because, while a sentence within the guidelines range is presumptively reasonable, we have unequivocally recognized that a sentence outside the

guideline range is not presumptively unreasonable.  See United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

Levesque next argues the district court violated the Confrontation Clause by increasing his sentence based on hearsay testimony presented at his sentencing hearing in violation of Crawford v. Washington, 541 U.S. 36 (2004).  We conclude that a sentencing court may consider any reliable and relevant information, including hearsay, United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995), even after Crawford.  See, e.g. United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 546 U.S. 1024 (2005).

Levesque also argues the district court unreasonably sentenced him under the sentencing guidelines for second degree murder instead of those relevant to involuntary manslaughter pursuant to the cross-referencing provisions of 2K2.1.  Section 2K2.1 of the U.S. Sentencing Guidelines Manual provides a cross-reference to the sentencing guideline for second-degree murder if the defendant causes the death of another with malice aforethought and is not specifically enumerated as a first degree offense.  See 18 U.S.C. § 1111(a).  We conclude that Levesque's act of causing the death of another by mishandling his firearm after previously shooting a different individual by discharging his

- 3 -

firearm in a reckless manner represents conduct that is "reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury [would be] warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." See United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003) (quotation marks and citations omitted). Consequently, we conclude the district court's cross-reference to the sentencing guideline for second-degree murder was proper.

Levesque next argues that the district court erroneously sentenced him to consecutive sentences based on an improper application of USSG § 5G1.2(d) (2005). Because we conclude the district court properly sentenced him pursuant to the sentencing guideline for second-degree murder, we decline to address this claim.

Finally, Levesque argues the district court's suggested alternative sentence was unreasonable. Because we find the district court correctly applied the sentencing guidelines in determining his sentence, it is not necessary to address this claim.

Accordingly, we grant Levesque's motion to supplement the joint appendix and amend his informal brief and affirm Levesque's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -